887 So.2d 494 (2004)
Melissa MALBREAUGH
v.
CNA REINSURANCE COMPANY and Lionel Williams.
No. 2003 CA 2088.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
*495 David L. Bateman, Baton Rouge, for Appellee Plaintiff Melissa Malbreaugh.
Stephen Dale Cronin, Glen Scott Love, Baton Rouge, for Appellant Defendant State Farm Mutual Automobile Insurance Co.
Panel composed of Judges FRANK FOIL, RANDOLPH H. PARRO and JAMES E. KUHN.
FOIL, J.
This appeal arises out of a dispute over insurance coverage for an automobile accident. The UM insurer challenges the trial court's judgment allocating the plaintiff's compensatory damages and punitive damages so that the punitive damages would be paid under the primary insurance policy and the compensatory damages would be paid under the UM policy. For the reasons that follow, we reverse.

FACTS AND PROCEDURAL BACKGROUND
This personal injury suit stems from a car accident that occurred on March 2, 2000. A vehicle driven by plaintiff, Melissa Malbreaugh, was struck by another vehicle driven by Lionel Williams. Mr. Williams was ultimately cited for and pled guilty to driving while intoxicated.
Plaintiff filed suit against Mr. Williams and his insurer, Continental Insurance Company, and against her insurer, State Farm Mutual Automobile Insurance Company, under a policy providing liability, UM, and medical payments coverage. In her petition, plaintiff sought compensatory and punitive damages under La. Civ.Code art. 2315.4, based on Mr. Williams' intoxication at the time of the accident. The State Farm policy contained an exclusion for punitive damages, but the Continental policy did not.
Continental agreed to pay $24,500 of its $25,000 liability limit, in exchange for a complete release of Mr. Williams and Continental. State Farm denied plaintiff's UM claim based on the punitive damages exclusion.
The parties entered into a joint stipulation of facts in lieu of presenting evidence at trial. They stipulated that Mr. Williams was solely at fault, plaintiff's compensatory damages were $25,000, her punitive damages exceeded $25,000, and the State Farm policy provided UM coverage with a limit of $50,000.
Following briefing and oral argument, the trial court agreed with plaintiff that Mr. Williams was an "uninsured motorist" and ruled that plaintiff was entitled to judgment against State Farm for her compensatory *496 damages in the amount of $25,000.
State Farm brings the instant appeal. In two assignments of error, it argues that because the liability limits of the primary policy were sufficient to compensate plaintiff for her damages (both general and special), the vehicle was not an "uninsured vehicle". As such, it argues, the trial court erred in holding that plaintiff was entitled to the proceeds under the UM coverage of her State Farm policy. Secondly, State Farm asserts that the trial court abused its discretion in allocating the damages so that the punitive damages would be paid under the primary policy (which did not exclude punitive damages) and the compensatory damages would be paid under the State Farm UM policy (which excluded punitive damages).

DISCUSSION
In the present case, all of the factual issues were stipulated to by the parties, so we are asked to address only legal issues. When addressing legal issues, a reviewing court gives no special weight to the findings of the trial court. It conducts a de novo review of questions of law and renders a judgment on the record. Campbell v. Markel American Ins. Co., 00-1448, p. 5 (La.App. 1 Cir. 9/21/01), 822 So.2d 617, 620, writ denied, 01-2813 (La.1/4/02), 805 So.2d 204.
The issue presented is whether an injured party can recover punitive damages under the tortfeasor's underlying liability policy (that provides coverage for punitive damages), and then recover her compensatory damages from her own UM policy (that specifically excludes coverage for punitive damages). As no jurisprudence directly addresses this issue, we will examine the purpose behind both UM coverage and the imposition of punitive damages under certain circumstances.
Uninsured motorist insurance provides protection for persons insured thereunder who are entitled to recover nonpunitive damages from the owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death. La. R.S. 22:680(1)(a)(i).[1] That statute also provides that UM coverage may exclude coverage for punitive or exemplary damages by the terms of the policy or contract. La. R.S. 22:680(2)(b) states that the term "uninsured motor vehicle" includes an insured motor vehicle when the liability coverage is less than the amount of "damages suffered" by an insured. That provision does not specify to what type of damages it refers.
The legislative aim of the uninsured motorist statute is to promote full recovery for damages suffered by innocent automobile accident victims by making uninsured motorist coverage available for their benefit as primary protection when the tortfeasor is without insurance and as additional or excess coverage when he is inadequately insured. Hoefly v. Government Employees Ins. Co., 418 So.2d 575, 578 (La.1982). Punitive damages do not provide compensation for bodily injury; rather, compensatory damages compensate an injured party for the injury sustained by replacing the loss caused by the injury. Exemplary or punitive damages are awarded to the plaintiff over and above compensatory damages and are intended to punish the defendant or make an example of him in order to deter any such *497 future conduct. See BLACK'S LAW DICTIONARY 352 (5TH ed.1979).
We believe it is contrary to the intent of the law to ignore the express exclusion for punitive damages in the State Farm policy and allow plaintiff to recover under that policy due to a forced exhaustion of the underlying limits by the punitive damage award. We feel that a compensatory damage award should be satisfied first, by exhausting the primary policy.[2] Then punitive damages, which are awarded over and above compensatory damages, would be satisfied under the excess UM policy. In this case, that excess policy expressly excludes punitive damages. We do not believe that the purpose and intent of the UM statute is served by specifically allocating damages so as to achieve the exhaustion of the underlying policy limits by a punitive damage award. Moreover, requiring payment under a UM policy under this factual scenario neither punishes nor deters the tortfeasor and, thus, does not serve the purpose behind an award of punitive damages. As such, we find the trial court erred in allowing recovery against plaintiff's UM carrier, State Farm.

DECREE
For these reasons, the trial court's judgment is reversed. Judgment is hereby rendered in favor of defendant, State Farm Mutual Automobile Insurance Company. Costs of this appeal are assessed to plaintiff appellee.
REVERSED AND RENDERED.
NOTES
[1] Former subsection D of La. R.S. 22:1406 was redesignated as R.S. 22:680 by 2003 La. Acts, No. 456.
[2] We do not agree with plaintiff's assertion that this result conflicts with this court's decision in Butler v. Allen, 00-1726 (La.App. 1 Cir. 9/28/01), 808 So.2d 746, writ denied, 01-2924 (La.2/1/02), 808 So.2d 331, which did not involve punitive damages.