United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-31043

NOSERY MARK ABRAHAM,

Plaintiff-Appellee,

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellant.

Appeal from the United States District Court
For the Middle District of Louisiana

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Defendant-Appellant State Farm Mutual Automobile Insurance Company ("State Farm") appeals the district court's entry of judgment and award of a statutory penalty, attorney's fees, and interest in a dispute arising out of an automobile accident involving an uninsured motorist. After conducting a choice-of-law analysis, the district court applied the substantive law of the State of Louisiana in reaching its conclusion. *See* LA. REV. STAT. ANN. § 22:680 (discussing uninsured motorist coverage). State Farm challenges the district court's application of Louisiana substantive law, arguing that under Louisiana's choice-of-law

provisions, Mississippi substantive law must apply instead. We agree with State Farm and accordingly reverse the district court's order and render judgment for State Farm.

## I.

Nosery Abraham is retired, is under ongoing medical care, and spends part of the year at his residence in Mississippi and part of the year living with his daughter in Louisiana. He holds a Louisiana driver's license but is domiciled in Mississippi. The district court concluded that Abraham was a resident of both Louisiana and Mississippi. Abraham maintains he is solely a Louisiana resident, but he has not cross-appealed.

On January 8, 2002, Abraham was driving his vehicle in Baton Rouge, Louisiana when he was "negligently rear-ended"[1] by a vehicle driven by an uninsured driver, Jeremy K. Barden. Barden carried a Georgia driver's license, and his vehicle was licensed in Georgia.[2] Abraham's vehicle was insured by a State Farm policy issued in Mississippi by a Mississippi agent. Following the accident, Abraham submitted a claim to State Farm in Mississippi for uninsured/underinsured motorist ("UM") benefits under his policy. State Farm transferred the processing of the claim multiple times,

---

[1]This is the term used by the district court in its orders.

[2]The district court suggested in its June 19, 2003 order on Abraham's motion for declaratory judgment that Barden was a Georgia resident. Later in its May 26, 2005 order, and without explanation or discussion of additional facts, the court declared Barden a resident of Louisiana.

2

but it ultimately landed in a Louisiana State Farm office after Abraham filed suit in Louisiana state court in October 2002.

Believing Barden to be at fault, and believing that State Farm acted with bad faith in connection with its handling of the claim, Abraham sought recovery of damages resulting from the accident and also statutory penalties and attorney's fees. State Farm timely removed the action to federal court on the basis of diversity jurisdiction.

Abraham moved for declaratory judgment, requesting the court to determine whether the substantive law of Louisiana or Mississippi governed his claims. After analyzing the parties' choice-of-law arguments, the district court concluded that the substantive law of Louisiana applied. State Farm subsequently moved for partial summary judgment on Abraham's bad faith claim as well as on all claims made under Mississippi law (as a result of the court's ruling that Louisiana law applied). The court dismissed the Mississippi claims, but denied summary judgment on the bad faith claim.

Prior to trial, State Farm paid Abraham the policy limits of his UM policy plus interest (totaling over $100,000). As a result, only the bad faith claim remained and proceeded to a bench trial. Following trial, and while the matter was under advisement, the Louisiana Supreme Court issued its decision in *Champagne v. Ward*, 893 So. 2d 773 (La. 2005), which addressed conflicts of law in the

3

context of an uninsured/underinsured motorist coverage dispute. In light of that decision, the court requested supplemental briefing on the issue of applicable law.

The district court then entered its Findings of Fact and Conclusions of Law After Trial, concluding that Louisiana substantive law applied and awarding Abraham $40,000 in statutory penalties on the bad faith claim. The court also awarded Abraham prejudgment interest and $23,000 in attorney's fees. On September 13, 2005, the court entered judgment, and State Farm timely appealed. The court granted State Farm's motion to stay the execution of judgment pending this appeal.

## II.

State Farm challenges the district court's conclusion that Louisiana law applies to this dispute and argues that because Mississippi law should apply, the court's rulings and judgment must be vacated. This Court reviews questions of law, including conflicts of law questions, *de novo* and district court factual determinations for clear error. *Woodfield v. Bowman*, 193 F.3d 354, 358 (5th Cir. 1999). This Court will reverse a finding of fact only if it is left with a "definite and firm conviction" that a mistake has been made. *Justiss Oil Co. v. Kerr-McGee Ref. Corp.*, 75 F.3d 1057, 1062 (5th Cir. 1996).

## III.

In a diversity action, this Court applies state substantive

4

law.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938).  In deciding which state's substantive law governs a dispute, we apply the choice-of-law rules of the state in which the action was filed, in this case, Louisiana.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Smith v. Waste Mgmt., Inc.*, 407 F.3d 381, 384 (5th Cir. 2005).

In *Champagne v. Ward*, 893 So. 2d 773 (La. 2005), the Louisiana Supreme Court announced the appropriate choice-of-law analysis for automobile accident litigation involving parties and insurance policies from other states.  At the outset, *Champagne* instructs us to consider the language of the UM laws from each involved state to determine if the relevant provisions differ.  *Id*. at 786.  If the respective laws are different, then we must conduct a choice-of-law analysis as codified by Louisiana statute.  *Id*. (rejecting the argument that Louisiana law should automatically apply if the accident occurs in Louisiana and involves a Louisiana resident).

In this case the district court found, and the parties implicitly agree, that there is a true conflict between the relevant provisions of the two states' laws: Louisiana law provides uninsured motorist protection that requires an insurer's tender (and permits penalties in the absence of tender)[3] while Mississippi

---

[3]*See* LA. REV. STAT. ANN. § 22:658(A)(1) (2006) ("[I]insurers . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest."); *see also id*. § 22:658(B)(1) (authorizing penalties for certain failures to make timely

law does not require tender.  Because the two states' laws differ, a statutory choice-of-law analysis is required to identify which state's policies would be most seriously impaired if its law were not applied to this dispute.  *See id.*

The Louisiana choice-of-law rules applicable here are found in Louisiana Civil Code Annotated articles 3515 and 3537.  Article 3515 states that when a case involves contacts with other states, the applicable law is that "of the state whose policies would be most seriously impaired if its law were not applied to that issue." LA. CIV. CODE ANN. art. 3515.  The factors used to determine the state whose policies would be most impaired are:

> (1) the relationship of each state to the parties and the dispute; and
>
> (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

*Id.; see also Dunlap v. Hartford Ins. Co.*, 907 So. 2d 122, 124 (La. Ct. App. 1st Cir. 2005).

Article 3537, intended to be read in conjunction with article 3515, provides "an illustrative list of the factual contacts that are usually pertinent" in determining which state's policies would be most impaired by the failure to apply its law.  LA. CIV. CODE ANN. art. 3537 cmt. c.  Article 3537 additionally requires us to

payments).

6

> evaluat[e] the strength and pertinence of the relevant policies . . . in the light of:
>
> (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties;
>
> (2) the nature, type, and purpose of the contract; and
>
> (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

*Id.* art. 3537.

The first step in determining which state's law applies under these sections is to identify the policies involved for each state. *Id.* cmt. d. State Farm maintains Mississippi law should apply because of that state's policy in upholding Mississippi contracts. *See Champagne*, 893 So. 2d at 788; *see also Zuviceh v. Nationwide Ins. Co.*, 786 So. 2d 340, 346 (La. Ct. App. 1st Cir. 2001) ("The fact that Congress has allowed fifty states to have their own uniform system of regulations governing insurance strongly suggests this is a legitimate public purpose."). Conversely, Abraham points to Louisiana's strong interest in ensuring full recovery of damages by accident victims injured on its roads. *See Zuviceh*, 786 So. 2d at 345; *see also Malbreaugh v. CNA Reinsurance Co.*, 887 So. 2d 494, 496 (La. Ct. App. 1st Cir. 2004) (noting that the legislative aim of Louisiana's UM statute is to promote full recovery of damages incurred by innocent accident

7

victims). As *Champagne* recognized, the competing public policy interests of the states in this situation are "profound." *Champagne*, 893 So. 2d at 788. To determine which state's interests control in this case we next evaluate them in light of each state's relationship to the parties and the dispute. LA. CIV. CODE ANN. arts. 3515, 3537, & 3537 cmt. d.

Pointing out Mississippi's connections to this dispute, State Farm emphasizes that Abraham's insurance policy was issued in Mississippi, his car was registered and garaged there, the initial contacts between Abraham and State Farm regarding this claim originated there, and he was a dual resident of both states. Further, State Farm contends that contacts with Louisiana were minimal, including only the location of the accident and the location of some of Abraham's post-accident medical treatment. Accordingly, it argues that Mississippi's connection with this dispute is stronger and its policies would be most impaired if Mississippi law were not applied.

Abraham argues that Louisiana has a stronger relationship to the dispute because its Department of Public Safety responded to the accident, the case involved courts (both state and federal) in Louisiana, and Abraham received medical treatment in Louisiana.

In determining which state has the stronger relationship to the parties and the transaction, we are guided by *Champagne*. In *Champagne*, the Court found virtually the same contacts with

8

Mississippi that are present in this case: (1) the plaintiff was a Mississippi resident (although in this case the plaintiff was a dual resident), (2) the insurance contract was formed in Mississippi, (3) the vehicle was garaged and presumably registered in Mississippi, and (4) the insurance policy was a Mississippi contract. *Champagne*, 893 So. 2d at 789. Based on these contacts, the Court held that "application of Louisiana law to the insurance policy would result in the abrogation of a Mississippi contract." *Id.*

In considering Louisiana's countervailing interests, the Court found that "Mississippi has a more substantial interest in the uniform application of its laws governing insurance contracts than Louisiana has in providing an insurance remedy to an out-of-state resident . . . ." *Id.* As a result, the Court held that "Mississippi's policies will be most seriously impaired if its law is not applied" and it applied Mississippi law. *Id.*

Similarly, this Circuit's opinion in *Woodfield v. Bowman*, 193 F.3d 354, 361 (5th Cir. 1999), addresses the choice-of-law issue in the context of a UM claim where the accident occurred in Louisiana, and coverage arose out of an insurance policy issued in Mississippi to a Mississippi resident, and that covered a car principally garaged in Mississippi. This Court concluded on those facts that Mississippi's "interest in uniform application of its laws governing insurance contracts" was more substantial than

9

Louisiana's interest in "providing an insurance remedy to an out-of-state resident who happens to sustain injury while transitorily within the state's borders." *Id*.

The facts of this case parallel *Champagne* and *Woodfield* in material respects except that Abraham is a dual resident of Louisiana and Mississippi, and he received his medical treatment primarily in Louisiana. Abraham argues that because he is a dual resident and the plaintiffs in *Champagne* and *Woodfield* were out-of-state residents, Louisiana has a closer connection to this case, and its policy interests are more significant.

The district court agreed that Abraham's dual residency weighs in favor of finding that Louisiana has the greater connection with this case. The court cited with approval *Baker v. Lazarus*, 1992 U.S. Dist. LEXIS 7083 (E.D. La. May 14, 1992) (unpublished). In *Baker*, the court conducted a choice-of-law analysis and concluded that Louisiana law applied because Louisiana's interest in protecting insured victims outweighed the foreign state's (Mississippi's) interest in protecting insurance rates. *Id*. at *25-26. After a cursory review of the unpublished decade-old opinion in *Baker* and contrary authority in *Woodfield* and *Zuviceh*, the district court concluded that Abraham, as a dual resident of Louisiana and Mississippi, had an expectation of protection by the laws of Louisiana while in Louisiana, and it held that Louisiana law applied.

10

While we agree that Abraham's residence is a factor to be considered in making the choice-of-law determination, it is not determinative. *Champagne*, 893 So. 2d at 789; *Boutte v. Fireman's Fund County Mut. Ins. Co.*, 930 So. 2d 305, 319 (La. Ct. App. 3d Cir. 2006). Abraham's dual residency does strengthen Louisiana's relationship to the dispute to a certain degree, as compared to *Champagne* and *Woodfield*. However, Louisiana's policy interest in tort victims recovering damages is not affected in this case to the degree that it was in *Champagne*. While the decision in *Champagne* left the plaintiff with no redress for his injuries, application of Mississippi law in this case only forecloses Abraham's ability to recover a statutory penalty and attorney's fees for bad faith (since State Farm has already paid him the UM policy limit).

Additionally, Mississippi's relationship to this dispute and its policy interest in upholding the justified expectations of parties to Mississippi insurance contracts is no less significant here than it was in *Champagne* and *Woodfield*.

Based on consideration of the factors listed in Louisiana Civil Code Annotated articles 3515 and 3537, we hold that Mississippi--the state where the insurance policy was negotiated and formed, where the insured vehicle was licensed and garaged, and where Abraham had dual citizenship--bears the closer relationship to the parties and the dispute. Further, its public policy interest in the uniform application of its insurance laws,

11

considered in light of those factors, is more substantial than Louisiana's competing interests as applied in this case. *See Champagne*, 893 So. 2d at 789; *Woodfield*, 193 F.3d at 361.

## IV.

We REVERSE the district court's determination to apply Louisiana law, and because the parties concede that Mississippi law does not require a tender payment by an insurance provider, we RENDER JUDGMENT for State Farm.

12