# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 14, 2007**

Charles R. Fulbruge III
Clerk

No. 07-20102
Summary Calendar

SCOTTSDALE INSURANCE CO.

Plaintiff - Appellee

v.

MASON PARK PARTNERS LP

Defendant - Appellant

v.

KATY INSURANCE AGENCY, INC.

Third-Party Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-1443

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mason Park Partners LP ("Mason Park") appeals from grants of summary judgment to Scottsdale Insurance Co. ("Scottsdale") and Katy Insurance Agency, Inc. ("Katy") on claims arising from a dispute over insurance proceeds for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property losses after a fire at a leased restaurant. The insured lessee of the Taste of Katy restaurant (Parvin Shahinpour), the owner of the premises and the insured's landlord (Mason Park), and a judgment creditor (Burke Orr), all sought to be paid proceeds following the fire under a Scottsdale policy issued to Shahinpour ("the Policy"). Holding that Mason Park is not covered under the Policy, the district court granted summary judgment to Scottsdale and against Mason Park on Mason Park's breach of contract claim, and it dismissed Mason Park's extra-contractual claims against Scottsdale. Separately, the court granted summary judgment to Katy, Shahinpour's insurance agent, on Mason Park's extra-contractual claims against Katy. For the following reasons, we affirm.

1. We review the district court's grants of summary judgment de novo. Texas Indus., Inc. v. Factory Mut. Ins. Co., 486 F.3d 844, 846 (5th Cir. 2007). Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In a diversity case such as this one, state substantive law applies. Abraham v. State Farm Mut. Auto. Ins. Co., 465 F.3d 609, 611 (5th Cir. 2006) (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78–80, 58 S. Ct. 817 (1938). All parties agree that Texas law applies here.

2. The Policy issued to Shahinpour contained two separate coverage parts: a Commercial Property Coverage Part (covering business personal property and business interruption losses) and a Commercial General Liability Coverage Part.[1] Mason Park contends both parts covered its property losses incurred during the fire. Under Texas contract law, "[i]f policy language is worded so that it

---

[1] These parts of the Policy will be referred to as the "property coverage part" and the "liability coverage part."

can be given a definite or certain legal meaning, it is not ambiguous and we construe it as a matter of law." Am. Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex. 2003). The fact that the parties offer different contract interpretations does not create an ambiguity. "An ambiguity exists only if the contract language is susceptible to two or more reasonable interpretations." Id.

A review of the Policy reveals that Mason Park was not covered under the property coverage part. The loss payable provision, which modified the property coverage part, originally stated that the name and address of the loss payee was "to follow." Nothing in the loss payable provision or anywhere else gave Scottsdale notice that Mason Park was the intended loss payee. The loss payable provision was properly cancelled by a change endorsement order prior to the fire. Contrary to Mason Park's argument, because Mason Park was never identified as the loss payee, Scottsdale was under no obligation to give Mason Park notice of the cancellation. And because nothing in the property coverage part indicates that Mason Park is a loss payee, an additional insured, or otherwise has coverage, it cannot recover under the property coverage part.

Mason Park's claim that its losses are covered under the Policy's liability coverage part also fails. Commercial liability coverage is triggered when the insured is "legally obligated to pay damages," such as when the insured is subject to "legal liability" recognized and enforced by a court of competent jurisdiction. 7A COUCH ON INSURANCE § 103:14 (3d ed. 2005); see Data Specialties, Inc. v. Trancon. Ins. Co., 125 F.3d 909, 911 (5th Cir. 1997). All parties agree that Mason Park was added as an additional insured

under the Policy's liability coverage part. However, this coverage does not extend to the fire damage caused to Mason Park's property. The liability coverage part obligates Scottsdale to pay the insured "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damages' to which this insurance applies." It does not mandate that Scottsdale pay Mason Park to compensate for its property losses as a result of the fire. Mason Park's attempts to twist the language of the Policy to create the appearance of coverage are without merit. Because the Policy did not cover Mason Park for the damages the fire caused, the district court properly granted summary judgment to Scottsdale.

3. Mason Park also argues that the district court erred when it granted summary judgment to Scottsdale on Mason Park's claims under the Texas Insurance Code, under the Texas Deceptive Trade Practices-Consumer Protection Act (the "DTPA"), and for breach of the common law duty of good faith and fair dealing. Mason Park's evidence for these claims relates to its rejected insurance claim and Scottsdale's conduct during its investigation of the fire. We have already held that Scottsdale appropriately rejected Mason Park's insurance claim. Furthermore, the district court properly found that there is no evidence related to Scottsdale's investigation of Mason Park's claim indicating any wrongful act or bad faith. Therefore, the district court correctly rejected Mason Park's common law claim.

The district court also properly rejected Mason Park's statutory claims. Mason Park brought a claim under former Article 21.55 of the Texas Insurance Code, recodified as Section 542.055,[2]

---

[2] See Lundstrom v. United Svcs. Auto. Ass'n-CIC, 192 S.W.3d 78, 83 n.6 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (detailing the history of the current Section

which relates to the prompt investigation and paying of claims. Summary judgment for Scottsdale under former Article 21.55 is appropriate because Mason Park did not have a valid claim under the Policy, and the evidence does not reveal any improper delay in investigating Mason Park's insurance claim. Mason Park's claims under the former Article 21.55 of the Texas Insurance Code and the DTPA were properly dismissed. To recover under these provisions, Texas law requires that an insured show that it is entitled to recover for a breach of the duty of good faith and fair dealing. Crawford v. GuideOne Mut. Ins. Co., 420 F. Supp. 2d 584, 599 (N.D. Tex. 2006). Mason Park has not done that.

4.  Mason Park also brought claims against Katy under former Article 21.21 of the Texas Insurance Code and Articles 17.46 and 17.50 of the DTPA. The entirety of the relationship between Katy, Shahinpour's insurance agent, and Mason Park consists of a Certificate of Liability Insurance ("COI") that Katy provided to Mason Park and that accurately reflected Shahinpour's insurance coverage and named Mason Park as a "Certificate Holder."

Mason Park cannot recover on its statutory claims against Katy because it has not provided even a scintilla of evidence that Katy made a misrepresentation to it. "In the absence of some specific misrepresentation by the insurer or agent about the insurance, a policyholder's mistaken belief about the scope or availability of coverage is not generally not actionable under the DTPA." Sledge v. Mullin, 927 S.W.2d 89, 94 (Tex. App.—Fort Worth 1996, no writ). For the same reason, a claim based solely on a

542.055).

5

mistaken belief generally fails under the Texas Insurance Code. Moore v. Whitney-Vaky Ins. Agency, 966 S.W.2d 690, 692–93 (Tex. App.—San Antonio 1998, no writ). The COI here accurately reflected the terms of the Policy and the fact that Mason Park was only a "Certificate Holder." And there is nothing in the COI identifying Mason Park as an additional insured under the property coverage part of the Policy. In this case, the COI clearly states that it is provided for information only and that it does not alter the terms of the Policy, which further undercuts Mason Park's claims. The district court's grant of summary judgment to Katy was proper.

AFFIRMED.