STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

No. 2020 CA 1296

SAFEWAY INSURANCE COMPANY - MISSISSIPPI

VERSUS

EULANDA NASH

Judgment Rendered: **JUN 0 4 2021**

********

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C685457

The Honorable Timothy Kelley, Judge Presiding

********

| | |
|---|---|
| Michelle D. Brooks | Counsel for Plaintiff/Appellant |
| Davis R. Peltier | Safeway Insurance Company |
| Thibodaux, Louisiana | |
| | |
| Spencer H. Calahan | Counsel for Defendant/Appellee |
| Byron M. Hutchinson | Eulanda Nash |
| Baton Rouge, Louisiana | |

********

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

*McClendon, J. concurs in the result.*

**LANIER, J.**

In the instant appeal, plaintiff, Safeway Insurance Company-Mississippi ("Safeway") challenges a declaratory judgment setting forth that Louisiana laws applied to the uninsured/underinsured motorist coverage ("UM coverage") provided by Safeway to defendant, Eulanda Nash ("Ms. Nash"). For the reasons that follow, we reverse and render.

## FACTS AND PROCEDURAL HISTORY

The underlying accident in this case occurred on October 26, 2018, when Ms. Nash, a Louisiana resident, was operating a 2012 Chevrolet Malibu on S. Choctaw Drive in East Baton Rouge Parish, Louisiana, and was struck from behind by a vehicle driven by Franklin Lidberg, also a Louisiana resident. According to the record, the 2012 Malibu was owned by Ms. Nash's mother, Bernice Strawder, a resident of Mississippi, and was insured by Safeway pursuant to a contract that Ms. Strawder secured in Mississippi. Following the accident, Safeway filed a petition for declaratory judgment, seeking a ruling that Mississippi law should be applied to the UM coverage provided to Ms. Nash under the Safeway policy.[1] Ms. Nash answered Safeway's petition, and reconvened with her own petition for declaratory judgment, requesting a ruling that Louisiana law, rather than Mississippi law, applies to the case. Ms. Nash acknowledged that the Safeway policy had been negotiated and entered into in Mississippi by her mother Ms. Strawder. However, Ms. Nash noted that she, not her mother, was a party to the litigation and that as a Louisiana resident, who was injured in a wreck caused by another Louisiana resident on Louisiana roads, she has an expectation of protection by and from the laws of Louisiana.

---

[1] We note that prior to Safeway filing this petition for declaratory judgment, Ms. Nash filed an insurance claim against Mr. Lidberg's insurance carrier, Geico Insurance, which resulted in a settlement with Geico Insurance for the $20,000.00 liability policy limits.

2

The matter proceeded to hearing on September 16, 2019, at which time the district court heard argument from Safeway's counsel regarding why Mississippi's laws should apply to the UM coverage.[2] Safeway's counsel argued that the contract between Ms. Strawder and Safeway was a Mississippi contract, written and delivered in Mississippi. Counsel further maintained that the 2012 Malibu was registered and garaged in Mississippi and that although Ms. Nash is a Louisiana resident, the Safeway policy was not purchased by her or for her. After considering counsel's arguments, the district court found that the interests of Louisiana were much stronger than the interests of Mississippi and that Louisiana law would apply. Judgment was signed accordingly on September 8, 2020. Safeway appeals, assigning error to the district court's finding that the laws of Louisiana are applicable to this case.

## STANDARD OF REVIEW

At issue in the present case is the interpretation of the UM coverage afforded to Ms. Nash by the Safeway policy. As previously indicated, Ms. Nash argued that Louisiana law applies, and Safeway alleged that Mississippi law applies. The district court rendered a judgment, which comports with the application of Louisiana law. Determining the proper choice-of-law law to be applied to an issue is a question of law, which this court reviews *de novo*. **Ross and Wallace Paper Products, Inc. v. Team Logistics, Inc.**, 2019-0196 (La. App. 1 Cir. 7/8/20), 308 So.3d 346, 352, writ denied, 2020-00989 (La. 11/4/20), 303 So.3d 641.

## LAW AND ANALYSIS

In **Champagne v. Ward**, 2003-3211 (La. 1/19/05), 893 So.2d 773, 775, the Louisiana Supreme Court held that Louisiana law does not automatically apply to UM claims under a policy issued in another state, even though a Louisiana resident

---

[2] The record reflects that although there was proper notice and service, neither Ms. Nash nor her counsel appeared at the September 16, 2019 hearing. Nonetheless, the district court allowed the hearing to go forward as scheduled.

is involved in the accident and the accident occurs in Louisiana. Rather, the appropriate starting point in a multistate case is to first determine that there is a difference between Louisiana's law and the law of the foreign state and then to conduct a choice-of-law analysis, as codified in Book IV of the Civil Code, to determine which state's law applies to the interpretation of the UM policy. **Champagne**, 893 So.2d at 786.

Louisiana Civil Code article 3515 provides:

Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Louisiana Civil Code article 3537 provides:

Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

Louisiana's choice-of-law provisions, as set forth above, afford the balancing of competing interests between states. Article 3515 instructs the court to examine the relationship of each state to the parties and the dispute. Article 3537 invites analysis of the nature, type, and purpose of the contract. Because the instant

4

accident occurred in Louisiana, but involved a vehicle that was garaged in Mississippi and was covered by a UM policy that was written and delivered in Mississippi, we must look to Louisiana and Mississippi law, as it is relevant to the facts of this case. The issue to be resolved is which state's policies would be most seriously impaired if its laws were not applied. La. Civ. Code arts. 3515 and 3537. "Applying these principles, Louisiana courts generally choose the law of the state in which the insurance policy in question was issued to govern the interpretation of the terms of the policy." **Woodfield v. Bowman**, 193 F.3d 354, 360 (5th Cir. 1999). As explained more fully below, these principles lead us to conclude that Mississippi law should apply in the instant case.

We note that profound competing public policies and interests exist between the states of Louisiana and Mississippi in this case. The purpose of Louisiana's UM legislation is to promote full recovery for innocent automobile accident victims by mandating minimum liability insurance coverage and making such coverage available when the tortfeasor is uninsured or underinsured. See La. R.S. 22:1295(1)(a)(i); see also **Martin v. Champion Ins. Co.**, 95-0030 (La. 6/30/95), 656 So.2d 991, 994. Factors supporting Louisiana's strong interest in promoting full recovery for innocent automobile accident victims are: (1) there are economic interests involved, which include costs of medical care (which are more likely to be paid if there is sufficient insurance); (2) there is significant involvement of the facilities of the Department of Public Safety and Corrections and the judicial system; and (3) the issuing states of the insurance policy often have credit and reduction provisions in their UM coverage, thereby reducing limits and serving to prevent full recovery by the innocent accident victims. **Zuviceh v. Nationwide Ins. Co.**, 2000-0773 (La. App. 1 Cir. 5/11/01), 786 So.2d 340, 345, writ denied, 2001-2141 (La. 11/9/01), 801 So.2d 373. Any credit reducing the UM limits by the amount of liability insurance of the adverse driver is clearly contrary to the

5

underinsured motorist protection required by Louisiana statute. **Zuviceh**, 786 So.2d at 345-346.

However, Mississippi has an interest in the regulation of its insurance industry and in the contractual obligations that are inherent parts thereof. The integrity of the contract is a substantial and real interest. The fact that Congress has allowed fifty states to have their own uniform systems of regulations governing insurance strongly suggests this is a legitimate public purpose. **Champagne**, 893 So.2d at 788.

Ms. Nash relies on the case of **Dunlap v. Hartford Ins. Co. of Midwest**, 2004-0725 (La. App. 1 Cir. 3/24/05), 907 So.2d 122, to support her argument that Louisiana law should apply. However, this case is easily distinguishable from the matter at hand. In **Dunlap**, the plaintiff was a Louisiana resident who was injured in an automobile accident that occurred in Louisiana. The plaintiff sought coverage under the UM policy issued to his employer who owned the vehicle. The policy was negotiated and issued in Michigan; the employer was based in Michigan but conducted business nationwide. **Dunlap**, 907 So.2d at 122-123. The court determined that Louisiana law applied, noting that the subject policy "provided commercial coverage for a fleet of vehicles used nationwide" and reflected the anticipation that another state's laws might apply. *Id.* at 126. The court also noted that the employer-owner had a substantial commercial presence in Louisiana and received the benefits of Louisiana laws by maintaining offices and conducting business in the state. *Id.* at 126-127.

Rather, we find that the facts of this case to be similar to those found in **Collins v. Downes**, 2011-1124 (La. App. 4 Cir. 1/25/12), 83 So.3d 1177, which involved the determination of whether Louisiana law or Ohio law applied to a UM claim. The plaintiff and tortfeasor in **Collins** were Louisiana residents, the accident occurred in Louisiana, and the tortfeasor's vehicle was garaged in

6

Louisiana. The policy providing UM coverage on the vehicle being driven by the plaintiff was issued in Ohio. **Collins**, 83 So.3d at 1182. The fourth circuit found that even though the accident occurred in Louisiana and involved Louisiana residents, Ohio had a more substantial interest in the uniform application of its laws governing insurance contracts than Louisiana, concluding as follows:

> We find that applying Louisiana law to the Ohio policies in this case would result in an abrogation of Ohio contracts. We further hold that it is more likely than not that the premiums charged for both the automobile liability policy and PLU [personal liability umbrella] policies were based on the application of Ohio law to the contracts. Employing a conflict-of-law analysis pursuant to La. C.C. arts. 3515 and 3537, we conclude that Ohio's policies will be most seriously impaired if its law is not applied to the automobile liability and PLU policies.

*Id.* at 1183. See also **Dickerson v. Progressive Exp. Ins. Co.**, 2009 WL 117006 (E.D. La. 1/14/09) (applying Tennessee law where plaintiff, a dual Tennessee/Louisiana resident, was a permissive user of a vehicle owned by a Tennessee resident and covered by a Tennessee policy); **Abraham v. State Farm Mut. Auto Ins. Co.**, 465 F.3d 609, 614 (5th Cir. 2006) (applying Mississippi law to a UM claim where the vehicle was insured and garaged in Mississippi, but claimant was a dual resident of Mississippi and Louisiana, and the accident occurred in Louisiana).

Based on a *de novo* review of the record before us, we conclude that Mississippi law governs the UM policy at issue. While the goal of Louisiana's UM law is to promote full recovery for innocent accident victims, we note Mississippi's very real interest in the regulation of its insurance industry and in the integrity of contractual obligations confected in furtherance thereof. This is a legitimate public purpose. See **Zuviceh**, 786 So.2d at 345-346. Moreover, the fact that the policy was formed, negotiated, and issued in Mississippi to a Mississippi resident is significant. This court finds that Mississippi has a more substantial interest in the uniform application of its laws governing insurance contracts than Louisiana.

7

Applying Louisiana law to the Mississippi policy would result in the impairment of Mississippi contracts. The premium charged for the UM coverage in the policy was based on the application of Mississippi law to the contract. Considering the strength and pertinence of the relevant policies of the involved states and the contacts between the parties and those states, it is clear that Mississippi has a stronger interest in its policies being carried out and would be more substantially impacted if its laws were not applied.

## CONCLUSION

For the above and foregoing reasons, we reverse the district court's September 8, 2020 judgment, which found that Louisiana laws were applicable to this case. We hereby render judgment, finding that the laws of Mississippi shall apply to the UM coverage provided to Eulanda Nash by Safeway Insurance Company-Mississippi. We assess all costs associated with this appeal against appellee, Eulanda Nash.

**REVERSED AND RENDERED.**