# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20404

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2018

Lyle W. Cayce
Clerk

DELEESE ALLEN,

      Plaintiff - Appellant

v.

WALMART STORES, L.L.C.; GREGORY MOUTON; LORETTA BREWER-WINTER; SHANDA HUTTON,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and WIENER and HIGGINSON, Circuit Judges.

CARL E. STEWART, Chief Judge:

On Wednesday, April 13, 2016, Karalee Alaine Williams ("Williams") was found dead in her car in the parking lot of Wal-Mart Store #2439. Her death resulted from inhaling a large quantity of aerosol dust remover. Williams's mother, Plaintiff-Appellant Deleese Allen ("Allen"), brought negligence claims in her individual capacity, against Defendants-Appellees (1) Wal-Mart Stores, LLC ("Wal-Mart")[1] and (2) three Wal-Mart employees,

---

[1] There was some confusion over who was the correct Defendant in the case, Wal-Mart Stores, LLC or Wal-Mart Stores Texas, LLC. The district court determined that the correct

No. 17-20404

Gregory Mouton, Loretta Ann Brewer-Winter, and Shanda Marie Hutton (collectively the "Wal-Mart employees"). Allen also brought product liability claims against 3M Company ("3M") and IQ Products Company ("IQ"). The district court dismissed Allen's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief could be granted. For the following reasons, we AFFIRM.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Williams entered Wal-Mart Store #2439 on nine different occasions over the course of twenty-seven (27) hours, each time purchasing cans of dust remover. She allegedly purchased at least sixty (60) cans of dust remover over that period.

During Williams's first visit on Sunday, April 10, 2016, she purchased a towel and cans of dust remover. On her second visit that day, she had soiled herself but proceeded to buy more cans of dust remover and told the checkout employee that she had had a seizure in the parking lot. On Williams's third visit the next morning, she entered the store naked from the waist down.

---

party was Wal-Mart Stores Texas, LLC given that it answered Allen's complaint. Allen does not explicitly challenge the district court's finding that Wal-Mart Stores Texas, LLC is the correct defendant, but she does assert that Wal-Mart did not "properly allege its citizenship." In its notice of removal, Wal-Mart alleges that it is a "limited liability company formed under the laws of Delaware, with its principal place of business in Arkansas." "Wal-Mart[,Inc.] is a publicly traded corporation which owns and operates retail stores in Texas, in part through its wholly-owned subsidiaries [which includes Wal-Mart Stores Texas, LLC]." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, No. 1-15-CV-134 RP, 2015 WL 11613286, at *1 (W.D. Tex. Dec. 22, 2015). "[T]he citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Stores Texas, LLC is considered to be incorporated in Delaware and has its principal place of business in Arkansas. *See Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-CV-2085-BN, 2016 WL 5815892, at *3 (N.D. Tex. Oct. 5, 2016) (explaining Wal-Mart Texas, LLC's citizenship as of October 5, 2016, specifically explaining that Wal-Mart Stores, Texas LLC's sole owner, (Wal-Mart Real Estate Business Trust), is organized under the laws of Delaware and has its principal place of business in Arkansas). Therefore, it is not considered a citizen of Texas.

No. 17-20404

Several Wal-Mart employees noticed her condition and communicated this to other employees. During that third visit, Wal-Mart employees gave Williams a towel and a "sundress." After receiving these items Williams purchased more cans of dust remover.  During each of Williams's subsequent visits to Wal-Mart she allegedly bought more cans of dust remover.  Early Tuesday morning, April 12, 2016, Williams died in the parking lot from the effects of inhaling dust remover, a process called "dusting," but her body was not discovered until the next day.

Allen initially sought a temporary restraining order ("TRO") and a permanent injunction in the 11th District Court of Harris County, Texas. Allen sought the temporary restraining order for the purposes of "preserving evidence, and the taking of evidence before it becomes inaccessible to normal discovery." Wal-Mart removed the case to the United States District Court for the Southern District of Texas, Houston Division based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  When Wal-Mart removed this case, it also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). After Wal-Mart filed its motion to dismiss, Allen amended her complaint to add as defendants the Wal-Mart employees, IQ, and 3M. Allen also filed a motion to remand, asserting that "[s]everal Texas residents' negligence and negligence per se contributed to the death of [Williams], and diversity jurisdiction does not exist."

In response to Allen's motion to remand, Wal-Mart moved to strike the joinder of the Wal-Mart employees, asserting that they had only been added to defeat diversity jurisdiction.  Wal-Mart also moved to strike IQ because Allen had notice that IQ was not the manufacturer of the dust remover Williams had purchased.  Additionally, Wal-Mart amended its motion to dismiss because

No. 17-20404

Allen had amended her complaint. The Wal-Mart employees also filed a motion to dismiss in their answer to Allen's complaint.

The district court denied Allen's motion to remand and granted Wal-Mart and the Wal-Mart employees' motions to dismiss as well as Wal-Mart's motion to strike joinder. The district court also denied Allen's request to amend her complaint through a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and a motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(b).

Allen timely appealed the district court's order dismissing her complaint and denying reconsideration. In July 2017, Allen's appeal was dismissed for want of prosecution, but it was reinstated in September 2017. On appeal, Allen contends that the district court erred in (1) granting the Defendants-Appellees' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), (2) denying Allen's motion to remand, and (3) denying Allen's request to amend her complaint.

## II.  ANALYSIS

### 1.  <u>Motion to Dismiss</u>

We review de novo the district court's order on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

(quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004)).

"In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim upon which relief can be granted]." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Additionally, "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief[.]" *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).

Allen claims that the Defendants-Appellees acted negligently in continuing to sell Williams dust remover despite her impaired state. Allen alleges that the Defendants-Appellees are liable under a theory of negligence per se for violating Texas Health & Safety Code Chapter 485, and under the Texas theory of general negligence. Allen also alleges that the Defendants-Appellees breached a duty when they took affirmative steps to assist Williams.

Allen also alleges that Wal-Mart is independently liable for negligent entrustment pursuant to Restatement (Second) of Torts § 390 and that Wal-Mart breached a duty to Williams under a theory of premises liability. Allen further avers that Wal-Mart owed Williams a duty in the products liability context, invoking Texas Civil Practice & Remedies Code § 82.003(6) (2009).

No. 17-20404

"The common law doctrine of negligence consists of three elements: 1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the breach." *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987), *superseded by statute*, Tex. Alco. Bev. Code § 2.02, *as recognized in Graff v. Beard*, 858 S.W.2d 918, 919 (Tex. 1993)). "The plaintiff must establish both the existence and the violation of a duty owed to the plaintiff by the defendant to establish liability in tort." *Id.* (citing *El Chico*, 732 S.W.2d at 311). "Moreover, the existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question." *Id.* (citing *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 312 (Tex. 1983)).

"Negligence per se is a common-law doctrine that allows courts to rely on a penal statute to define a reasonably prudent person's standard of care." *Reeder v. Daniel*, 61 S.W.3d 359, 361-62 (Tex. 2001) (citing *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979)).

a. *Premises Liability*

According to Allen, premises liability provides the strongest basis for holding that Wal-Mart owed Williams a duty to cease selling her dust remover in light of her diminished capacity. Allen's assertion is based on the Supreme Court of Texas's holding in *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762 (Tex. 2010). In *Del Lago*, the Supreme Court of Texas found that a bar had a duty to protect a patron given the bar's "actual and direct knowledge that a violent brawl was imminent[.]" 307 S.W.3d at 769. However, in *Del Lago*, the Supreme Court of Texas explicitly stated that "[w]e do not announce a general rule today. We hold only, on these facts, . . . a duty arose on [the Defendant's] part to use reasonable care to protect the invitees from imminent assaultive conduct." *Id.* at 770.

6

No. 17-20404

Williams was an invitee of Wal-Mart, so Wal-Mart owed her a duty to "use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known." *Id.* at 767. However, Allen did not plead that there were any issues with the conditions of the premises. Allen seeks to extend the holding of *Del Lago* to fit the facts of this case, but *Del Lago* is inapplicable here.

As we elaborate below, Wal-Mart did not owe Williams a duty under Texas Health & Safety Code § 485.031 to protect her from abusing the dust remover. *See LaFleur v. Astrodome-Astrohall Stadium Corp.*, 751 S.W.2d 563, 564 (Tex. App.—Houston [1st Dist.] 1998) ("As a general rule, a defendant has no duty to prevent the criminal acts of a third party who does not act under the defendant's supervision or control."). Neither was it illegal for Wal-Mart to sell Williams dust remover, because she was an adult. *See* Tex. Health & Safety Code § 485.032 (2001) ("A person commits an offense if the person knowingly delivers an abusable volatile chemical to a person who is younger than 18 years of age."). Because Allen did not plead that there were any issues with the conditions of the premises, and because, as we elaborate below, Wal-Mart did not owe Williams any duty of care regarding her purchase or abuse of dust remover, Wal-Mart cannot be found negligent under a theory of premises liability. We thus hold that Allen's negligence claim based on premises liability fails.

b. *Restatement (Second) of Torts § 390 (1965)*

Allen does not assert negligent entrustment by name, but she does advance an underlying premise of negligent entrustment, i.e., that Wal-Mart had a duty not to sell Williams the dust remover because Wal-Mart had knowledge of Williams's diminished capacity and continued abuse of the dust remover. Under Restatement (Second) of Torts § 390 (1965):

7

No. 17-20404

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

A Texas Court of Appeals referenced Section 390 in *Kennedy v. Baird*, 682 S.W.2d 377 (Tex. App.—El Paso 1984), a case regarding the negligent entrustment of a firearm. However, Texas has not adopted Restatement (Second) of Torts § 390 with respect to the sale of a chattel.  *See Jaimes v. Fiesta Mart, Inc.*, 21 S.W.3d 301, 304 (Tex. App.—Houston [1st Dist.] 1999) (emphasis omitted) ("Texas courts have declined, however, to adopt [S]ection 390 and to impose this duty on sellers of chattels." (citing *Rush v. Smitherman*, 294 S.W.2d 873, 875 (Tex. Civ. App.—San Antonio 1956, writ ref'd n.r.e.))); *Nat'l Convenience Stores, Inc. v. T.T. Barge Cleaning Co.*, 883 S.W.2d 684, 686 (Tex. App.—Dallas 1994, writ denied).

Allen concedes that sellers are not generally subject to liability under Section 390, but she asserts that a seller may be negligent when it has a duty not to sell a specific product. Allen cites *El Chico Corp. v. Poole*, in support of her proposition that Wal-Mart owed Williams a duty not to sell her cans of dust remover given her diminished capacity. 732 S.W.2d 306. In *El Chico*, the defendant restaurant sold alcohol to an intoxicated patron who was later involved in a deadly collision. *Id.* at 308-09. The Supreme Court of Texas held that a seller "owe[d] a duty to the general public not to serve alcoholic beverages to a person when the [seller] knows or should know a patron is intoxicated." *Id.* at 314.

In this case, Wal-Mart did not owe a duty to Williams or the general public to prevent any harm resulting from Williams's inhalation of dust remover, unlike the seller in *El Chico*, regarding the sale of alcohol. Notably, Texas courts have not expanded the duty recognized in *El Chico* to cover the sale of other potentially harmful products. The Texas legislature promptly responded to *El Chico* by enacting a Dram Shop Act and making it the exclusive basis for civil liability against alcohol providers. *See Graff*, 858 S.W.2d at 919 ("In *El Chico* this court created a common-law duty to injured third parties on the part of commercial providers, but that duty was almost simultaneously superseded by the legislature's enactment of the dram shop statute.").

The Supreme Court of Texas later declined to recognize a common law duty on social hosts who provide alcohol to guests, reasoning that there is no legal duty to control the conduct of another in the absence of a special relationship and "the common law's focus should remain on the drinker as the person primarily responsible for his own behavior and best able to avoid the foreseeable risks of that behavior." *Graff*, 858 S.W.2d at 920-22. Texas's high court has also made clear that "foreseeability alone is not sufficient to justify the imposition of a duty." *City of Waco v. Kirwan*, 298 S.W.3d 618, 624 (Tex. 2009).

Allen has not cited any Texas cases recognizing a duty not to sell abusable volatile chemicals to an impaired person, nor do we find such a duty under Texas law. Thus, El Chico is not applicable to this case. Accordingly, we hold that Wal-Mart is not liable for negligent entrustment.

No. 17-20404

c. *Texas Health & Safety Code Chapter 485*

It is illegal under Texas Health & Safety Code § 485.031 to inhale an abusable volatile chemical contrary to directions for its use or to its warnings, with the intent to among other things "create or induce a condition of intoxication, hallucination, or elation[.]" Further, it is illegal to "knowingly . . . deliver[] or sell[] inhalant paraphernalia [to a person whom the seller knows intends to use it to abuse a volatile chemical]." Tex. Health & Safety Code § 485.033 (2001).[2]

Texas Health & Safety Code Chapter 485 is a penal statute, and the parties contest whether Chapter 485 sets forth a civil standard of conduct. The district court addressed this dispute and held that Chapter 485 does not set forth a standard of conduct for a claim of negligence or negligence per se. We agree.

We find no caselaw in which any court has created civil tort liability based on Texas Health & Safety Code § 485.031, §485.032, or § 485.033. *See Praesel v. Johnson*, 967 S.W.2d 391, 395 (Tex. 1998) ("[A court] can borrow all, part, or none of a criminal statute as [the court] deem[s] appropriate for establishing a duty under the civil law." (citing *Rudes v. Gottschalk*, 324 S.W.2d 201, 205 (Tex. 1959.))) Tellingly, Texas courts rarely imply a civil tort duty from a criminal statute. *See Brown v. De La Cruz*, 156 S.W.3d 560, 565 (Tex. 2004) (explaining that penal statutes are strictly constructed and a

---

[2] The cans of dust remover themselves are not considered "paraphernalia" given the definitions denoted in Section 485.001. The dust remover would be considered an "abusable volatile chemical" because it "is packaged in a container subject to [specific] labeling requirements[.]" Tex. Health & Safety Code § 485.001(1)(A)(i) (2015). The towels could be considered paraphernalia because they are made of fabric. Tex. Health & Safety Code § 485.001(8) (2015).

10

private cause of action is not implied without some indication of legislative intent); *Perry v. S.N.*, 973 S.W.2d 301, 307 (Tex. 1998) (noting that the "norm" is to "deriv[e] duty from the common law and look[] to the statute only for the standard of conduct"). For example, the Texas Supreme Court has held that a failure to report child abuse is not negligence per se even if it violates a mandatory reporting law. *Perry*, 973 S.W.2d at 309. Relevant to the facts presented here, the Supreme Court of Texas has also refused to recognize a negligence per se cause of action against social hosts who unlawfully provide alcohol to underage guests. *Reeder*, 61 S.W.3d at 364-65. We therefore conclude that Wal-Mart and the Wal-Mart employees cannot be held liable under Chapter 485 for negligence or negligence per se.

For the same reasons, neither Wal-Mart nor the Wal-Mart employees can be held civilly liable for allegedly aiding and abetting Williams in violating Texas Health & Safety Code § 485.031.

   d. *Assumed Duty Pursuant to an Affirmative Action*

"Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000) (citing *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 353 (Tex. 1995)). However, Texas courts "have recognized that a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation." *Id.* (citing *Fort Bend Cty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 396 (Tex. 1991)). This recognition relies in part on Restatement (Second) of Torts § 323 (1965), which states that "[o]ne who undertakes, gratuitously or for consideration, to render services to another . . . is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if . . . his failure to exercise such

care increases the risk of such harm, or . . . the harm is suffered because of other's reliance upon the undertaking."

Wal-Mart and the Wal-Mart employees may only be held liable for negligent undertaking if "(1) [they] undertook to perform services that [they] knew or should have known were necessary for [Williams's] protection, (2) [they] failed to exercise reasonable care in performing those services, and either (3) [Williams] relied upon [their] performance, or (4) [their] performance increased [Williams's] risk of harm." *Torrington Co.*, 46 S.W.3d at 838-39 (citing *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 118 (Tex. 1976)).

Allen asserts that Wal-Mart and the Wal-Mart employees knew that Williams was abusing the dust remover and that when the Wal-Mart employees undertook actions to assist Williams on her third visit to the Wal-Mart by providing her with a towel and a sundress, they engendered a duty not to increase her risk of harm.

However, Allen failed to plead that the employees' alleged assistance either induced reliance or increased Williams's risk of harm. *See Torrington Co.*, 46 S.W.3d at 838 n.7. We thus hold that Wal-Mart and the Wal-Mart employees are not liable for any negligence based on the assistance that they gave to Williams. *Rios*, 444 F.3d at 421 ("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief[.]" (quoting *Campbell,* 43 F.3d at 975)).

e. *Products Liability under Texas Civil Practice & Remedies Code §*
   *82.003(6)*

Pursuant to Texas Civil Practice & Remedies Code § 82.003(6), "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves . . . that . . . the seller

actually knew of a defect to the product at the time the seller supplied the product; and . . . the claimant's harm resulted from the defect[.]"

Allen alleges that Wal-Mart "has long been aware of the hazards and dangers associated with inhalant abuse" and cites several instances where suits were brought against Wal-Mart because individuals had abused dust remover bought from Wal-Mart. However, Allen did not plead specific facts regarding any actual defect with respect to the dust remover that was sold to Williams. Allen's failure to plead specific facts regarding any actual defect in the dust remover sold to Williams is fatal to Allen's claim that Wal-Mart violated Section 82.003(6). Consequently, we conclude that Wal-Mart is not liable for negligence under a products liability theory.[3]

f. *Wal-Mart Employees' Individual Liability*

Under *Leitch v. Hornsby*, "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." 935 S.W.2d 114, 117 (Tex. 1996). For the Wal-Mart employees to be individually liable they must have owed Williams an independent duty apart from any duty that Wal-Mart owed Williams. The Wal-Mart employees did not owe Williams a duty not to sell her dust remover, and did not have a duty to protect her from abusing the dust remover that she bought. *See* Tex. Health & Safety Code § 485.032; *LaFleur*, 751 S.W.2d at 564. Moreover, Allen has not identified any other independent duty that the Wal-Mart employees might have owed Williams. We thus conclude that the Wal-Mart employees cannot be held liable in their individual capacities.

---

[3] We also note that the claims against IQ and 3M were also properly dismissed.

2. Allen's Motion to Remand

The parties disagree as to the correct standard of review for Allen's motion to remand. Wal-Mart contends that the proper standard of review is abuse of discretion given that Allen amended her complaint after the case was removed. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *appeal after remand*, 869 F.2d 879 (5th Cir. 1989), *cert. denied sub nom. Deere & Co. v. Hensgens*, 493 U.S. 851 (1989) ("[T]he district court, when confronted with an amendment to add a non[-]diverse non[-]indispensable party, should use its discretion in deciding whether to allow that party to be added.").

However, the proper standard of review of a district court's denial of a motion to remand is de novo. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)). Abuse of discretion is not the correct standard of review because *Hensgens* concerns a party's motion to amend its complaint after removal, and Allen did not initially move to amend her complaint. Instead, she amended as matter of right under Fed. R. Civ. P. 15(a), which does not require the court's approval. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[Fed. R. Civ. P.] 15(a) . . . governs amendments to pleadings. Although the plaintiff is allowed, as a matter of right, one amendment before any responsive pleading has been filed, subsequent amendments are permitted only with leave of the trial judge."). After amending her complaint, Allen sought remand to the state court.

The district court's ruling did not consider the propriety of the amendment itself, but instead considered whether there was proper joinder of the Wal-Mart employees. The district court sustained Wal-Mart's objection to joinder of the non-diverse Wal-Mart employees and granted Wal-Mart's motion to strike the non-diverse defendants.

No. 17-20404

"Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If a party is improperly joined, a court may disregard the party's citizenship for purposes of determining subject matter jurisdiction. *See Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F. Supp. 2d 736, 738 (S.D. Tex. 2010) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73) (5th Cir. 2004) (en banc)). However, "the existence of even a single valid cause of action against in-state defendants . . . requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

"To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Gasch*, 491 F.3d at 281 (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) ("A defendant is improperly joined if the moving party establishes that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is non[-]diverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is non[-]diverse." (citing *Smallwood*, 385 F.3d at 573)). In deciding improper joinder, we must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff

15

No. 17-20404

[and remand]." *Gasch*, 491 F.3d at 281 (citing *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005)).

There is no allegation of fraud in the pleadings alleged in this case. We thus must assess whether Allen has a basis of recovery against the Wal-Mart employees who would be non-diverse defendants. In assessing whether a plaintiff is able to establish a cause of action against the non-diverse party in state court, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant[.]" *Smallwood*, 385 F.3d at 573. To determine whether a party has a "reasonable basis of recovery under state law," we may apply a Fed. R. Civ. P. 12(b)(6)-type analysis. *Id.* Thus, if Allen has not stated a claim for relief against the Wal-Mart employees, then they were improperly joined and we may disregard their citizenship. *See Galveston Bay Biodiesel, L.P.*, 719 F. Supp. 2d at 738.

As described in detail in our analysis of the Wal-Mart employees' motion to dismiss, those employees did not owe Williams any duty of care, especially since they were not prohibited from selling dust remover to Williams who was an adult.[4] Therefore, reviewing the dismissal of Allen's motion to remand under a de novo standard of review, we affirm the district court's denial of Allen's motion to remand.

---

[4] There is no improper joinder if the reason "that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the non[-]resident defendant." *See Smallwood*, 385 F.3d at 574. This is not the case here because Allen asserts at least one analytically distinct claim against Wal-Mart alone. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 391-92 (5th Cir. 2005).

16

3. Allen's Motion to Replead

"[The Fifth Circuit] generally review[s] a decision on a motion to alter or amend judgment under Rule 59(e) for abuse of discretion." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 721–22 (5th Cir. 2013) (quoting *Pioneer Nat. Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Loc. 4–487,* 328 F.3d 818, 820 (5th Cir. 2003), *modified on other grounds on denial of reh'g*). Because Allen sought to amend her complaint using Fed. R. Civ. P. 59(e) or 60, we must also consider whether the district court abused its discretion in not allowing Allen to amend her complaint. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).

Allen sought to amend her complaint under Fed. R. Civ. P. 59(e) and 60(a). When a court enters a final judgment, a party may move to amend its complaint under Fed. R. Civ. P. 59(e) or 60 rather than under Fed. R. Civ. P. 15(a). *See Rosenzweig*, 332 F.3d at 864. However, our analysis of a party's Fed. R. Civ. P. 59(e) motion "should be governed by the same considerations controlling the exercise of discretion under [Fed. R. Civ. P.] 15(a)." *Dussouy*, 660 F.2d at 597 n.1.

Allen asserts that she "is now in possession of additional party names not known when substantive motions were filed," and that the district court erred in not letting her amend her complaint to reflect the addition of these parties. Allen also asserts that she has SKU numbers (numbers used to identify inventory) as well as twelve point-of-sale receipts, which include twelve different Wal-Mart employee identification numbers. Allen claims that she has the names of eighteen Wal-Mart employees who "interacted with Plaintiff during her time at the Wal-Mart store."

In determining whether to allow a party to amend its complaint, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R.

No. 17-20404

Civ. P. 15(a)(2). The United States Supreme Court has listed several factors for a court to consider when it analyzes a party's motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *but see Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1154 (5th Cir. Unit A Sept. 1981) ("The strong preference for explicit reasons [for the district court's denial of the plaintiff's motion to amend] yields to the presence here of ample and obvious grounds for denying leave to amend; the district court could confidently have relied on any or all of them. The mere absence under these circumstances of articulated reasons for denial does not indicate an abuse of the court's discretion.").

Allen sought to amend her complaint to add non-diverse parties after the case has been removed, so the district court must apply a higher level of scrutiny than required under Fed. R. Civ. P. 15(a). *See Hensgens*, 833 F.2d at 1182 ("The district court, when faced with an amended pleading naming a new non[-]diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."). "[T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

18

No. 17-20404

The district court denied Allen's request to amend her complaint because it did not fall under either Fed. R. Civ. P. 59(e) or 60(b). Beyond that, the district court did not provide any further reasons for denying Allen's request to amend her complaint. The lack of analysis does not automatically require us to determine that the district court abused its discretion, but "the [district court's] reasons [for denial] would have to be readily apparent[.]" *Dussouy*, 660 F.2d at 597.[5] The grounds for the district court's ruling here are apparent. We therefore conclude that the district court did not abuse its discretion in denying Allen's request to amend her complaint.

The parties that Allen sought to add were: (1) Wal-Mart employees who sold Williams cans of dust remover, and (2) the manufacturer of the dust remover, Falcon Safety Products. The Wal-Mart employees that Allen sought to add are assumed to be Texas citizens, which would compromise our subject matter jurisdiction over this case. Allen alleges that "[m]ultiple individuals . . . were negligent and violated Texas Health & Safety Code § 485 by providing

---

[5] *See Dussouy*, 660 F.2d at 600 (reversing the district court's judgment and remanding the case, the Fifth Circuit held that the reasons for the district court's denial of plaintiff's motion to dismiss were not "readily apparent" and that the district court should allow the plaintiff to amend his complaint); *but see Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (holding that the district court did not abuse its discretion despite the district judge and magistrate judge's failure to provide express reasoning for their denial, because there were obvious reasons for the denial due to the undue prejudice to the defendant); *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (holding that the district court did not abuse its discretion in not allowing the plaintiff to amend its complaint because the plaintiff had already had two opportunities to amend their complaint); *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993) (holding that the district court did not abuse its discretion despite not articulating its reasons for denying the plaintiffs' motion because the plaintiffs had already amended their complaint twice and failed to timely comply with a court order to amend their complaint before finally seeking an amendment the week before trial); *Rhodes*, 654 F.2d at 1154 (affirming the denial of the plaintiff's motion to amend without any reasoning from the district court, because the fact that the plaintiff filed its amendment thirty months after the original complaint was an "obvious ground" to deny the plaintiff's motion to amend).

No. 17-20404

abusable volatile chemicals to [Williams] . . . and they violated the basic common law duty not to provide a mentally impaired person with goods or materials by which the mentally impaired person could injure themselves or others."

Looking at the exhibits attached to Allen's motion, the receipts allegedly have employee identification numbers, which would allow Allen to identify the employees who interacted with Williams. However, even if Allen had the exact identification of the Wal-Mart employees who interacted with Williams, these Wal-Mart employees would not be liable for the reasons outlined above.

The district court did not explicitly weigh the *Hensgens* factors but the fact that Allen would still fail to state a plausible claim against any Wal-Mart employee gives an apparent reason for the district court's denial of Allen's motion to amend.[6] Additionally, Allen's continued failure to state a plausible claim would outweigh the other *Hensgens* factors.

As to Falcon Safety Products, Allen was dilatory in seeking to add this manufacturer. Allen had knowledge that Falcon Safety Products was the correct manufacturer as early as the day that she filed her amended complaint. In a prior exchange, Wal-Mart's Counsel had sent an e-mail to Allen's Counsel stating that "the brand of the electronics cleaner Karalee Williams bought was Dust-Off." Allen's Counsel stated that he did not see this e-mail until after the complaint was filed; however, Allen did not file a separate request to amend until almost a year after gaining knowledge of the correct manufacturer.

---

[6] *See Moore v. Manns*, 732 F.3d 454, 457 (5th Cir. 2013) ("Although the district court did not expressly examine the other *Hensgens* factors—Moore's timing; whether he would be significantly injured if the additional parties were not added; and additional equitable considerations—we cannot conclude, upon review of the briefs and record, that any of those factors tip the scale for Moore [because his amendment only served to destroy diversity].").

No. 17-20404

The district court noted that Allen filed suit against the wrong manufacturers, IQ and 3M, and dismissed them from the case. Allen had prior knowledge that Falcon Safety Products was the actual manufacturer, but she never sought to amend her complaint before the district court ruled on the Defendants-Appellees' motions to dismiss. Therefore, allowing Allen to amend her complaint at this stage would not be proper because it would impose an undue burden on the court. *See Mayeaux*, 376 F.3d at 426 ("[D]elay alone is an insufficient basis for denial of leave to amend: [t]he delay must be *undue*, i.e., it must prejudice the non[-]moving party or impose unwarranted burdens on the court."). The dilatory nature of Allen's request to add Falcon Safety Products and the burdensome effect that adding Falcon Safety Products would have on the court outweigh the other *Hensgens* factors.[7]

III.  **CONCLUSION**

For the reasons stated above, we AFFIRM the district court's denial of Allen's complaint for her failure to state a claim on which relief can be granted.[8]  We also (1) AFFIRM the district court's denial of Allen's motion to remand and (2) AFFIRM that court's denial of Allen's motion to alter or amend as to her request to amend her complaint and for more time to conduct discovery.

---

[7] Allen also sought more time for discovery, however, because we affirm the district court's denial of Allen's motion to amend, we decline to address whether Allen should be entitled to more discovery.

[8] Allen asserts for the first time on appeal that the district court erred by denying her due process in dismissing her claims on evidentiary grounds. Because Allen did not raise this claim in the district court, we decline to address this claim. *See NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.,* 745 F.3d 742, 752 (5th Cir. 2014) ("As a general rule, '[a]n argument not raised before the district court cannot be asserted for the first time on appeal.'") *(*quoting *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008)).