# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2025

Lyle W. Cayce
Clerk

———————

No. 24-10849

———————

N. Sugumaran Narayanan,

*Plaintiff—Appellant*,

*versus*

Midwestern State University; Midwestern State Board
of Regents,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:21-CV-46

———————————————————

Before Stewart, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

In this second appeal in this employment discrimination case, we review the district court's dismissal of Appellant Dr. N. Sugumaran Narayanan's claims against Appellees Midwestern State University and Midwestern State Board of Regents (collectively "MSU") under Title VII of the Civil Rights Act of 1964. For the following reasons, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10849

## I.

### *A. Factual Background*

Narayanan was a tenured Associate Professor in the Political Science Department at Midwestern State University.[1] In 2016, he sued the university "for denial of a promotion based on retaliation as well as race, color, and national origin." They ultimately settled.

The next year, Narayanan requested and was granted leave to tend to medical issues. Once he recovered, he requested to teach summer classes in 2018. The university's policies provide that it "makes every effort to provide opportunity for summer teaching" but "cannot guarantee such employment." Dr. Steve Garrison, then-Chair of the Political Science Department, had previously assigned Narayanan to teach summer courses in 2016 and 2017. But he rejected Narayanan's request for a summer teaching assignment in 2018. Garrison declares that he did so because the university's Bachelor of Applied Arts & Sciences program did not request an international relations course that summer and because Narayanan did not teach a full course load in the preceding academic year.

In September of 2018, Narayanan requested a two-year leave of absence, which the university denied. A few months later, while traveling in Malaysia, he sent the university a form from his doctor saying that he "cannot fly," and needs "at least six months," before he could return to work due to a cervical spondylotic myelopathy diagnosis. The university once again granted Narayanan leave expecting that he would be able return to work in the fall of 2019. In August 2019, Narayanan emailed MSU's disability

―――――――――――――――――

[1] A detailed discussion of the factual history of this case is contained in our previous opinion. *Narayanan v. Midwestern State Univ.*, No. 22-11140, 2023 WL 6621676 (5th Cir. Oct. 11, 2023). We include here only the facts necessary to resolve this appeal.

office requesting additional leave, stating that his condition rendered him unable to fly to MSU from Malaysia for "at least another 6 months" or "possibly 12 months." After unsuccessful attempts to accommodate Narayanan's health condition, MSU initiated termination proceedings, revoked his tenure, and ended Narayanan's employment with the university.

## B. Procedural History

Narayanan sued MSU under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*) ("Title VII"). MSU moved for summary judgment. The district court granted that motion. Relevant here, the district court granted summary judgment in favor of MSU on Narayanan's Title VII claims in part because it concluded that MSU's decision to deny him summer teaching assignments did not rise to the level of an adverse employment action because it was not an "ultimate employment decision."

We considered Narayanan's first appeal of this case in the fall of 2023. We affirmed on most issues, but we determined that the district court erred by concluding that MSU's decision to deny Narayanan summer teaching assignments could not constitute an adverse employment action. *Narayanan*, 2023 WL 6621676, at *4–5. Thus, we vacated and remanded the district court's judgment as to Narayanan's Title VII claims. *Id.*

On remand, the district court determined that the Title VII issues were already fully briefed. It then concluded based on that briefing that Narayanan failed to establish a *prima facie* case for discrimination and retaliation under Title VII and that he failed to rebut MSU's non-discriminatory and non-retaliatory explanation for not giving him a summer teaching assignment in 2018. Consequently, the district court dismissed Narayanan's Title VII claims and granted summary judgment for MSU.

No. 24-10849

Narayanan then filed a motion to alter or amend the district court's judgment under Federal Rule of Civil Procedure 59(e). Therein, he argued that he did not have the opportunity to present newly produced evidence that "MSU offered a summer class to a Caucasian professor after MSU told [him] he could not teach classes for the summer of 2018." The district court denied the motion concluding that: (1) Narayanan's new evidence would not change the outcome of this case, (2) his new evidence could have been discovered previously, and (3) his new evidence is merely cumulative or impeaching. Narayanan timely appealed.

## II.

Because Narayanan alleges violations of federal employment law, the district court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction to review that court's final judgment under 28 U.S.C. § 1291.

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (5th Cir. 2015). Summary judgment is appropriate if the record evidence "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]ll facts and inferences must be viewed in the light most favorable to the nonmoving party." *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003).

We generally review a district court's denial of a Rule 59(e) motion for abuse of discretion. *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 184 (5th Cir. 2018). But if the ruling was based on a reconsideration of a question of law, the standard of review is de novo. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013).

No. 24-10849

## III.

On appeal, Narayanan argues that the district court erred by: (A) granting summary judgment on his discrimination claim, (B) granting summary judgment on his retaliation claim, and (C) not providing him an opportunity for supplemental briefing or argument on remand and denying his motion to reconsider. We address each argument in turn.

### A. Discrimination

As a preliminary matter, the parties dispute whether Narayanan has abandoned his Title VII race discrimination claim in this appeal. MSU notes that Narayanan did not brief any arguments regarding his dismissed race discrimination claim, and that he did not reference that claim in the four "issues on appeal" in his initial brief. It acknowledges, however, that in his conclusion, Narayanan states that the district court improperly granted summary judgment "on [his] discrimination and retaliation claims." Narayanan presses in his reply that he has maintained his discrimination claims throughout this litigation.[2]

Assuming *arguendo* that Narayanan has preserved his Title VII race discrimination claim, it still fails. Under Title VII, it is unlawful to discriminate against an employee on the basis of race. 42 U.S.C. § 2000e–2(a). When a Title VII discrimination claim depends on circumstantial evidence[3]—as Narayanan's does here—we assess whether he

---

[2] "Claims not adequately argued in the body of the brief are deemed abandoned on appeal." *Cox v. United States*, No. 02-50126, 2002 WL 3107158, at *1 (5th Cir. Aug. 20, 2002) (per curiam) (citing *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993)). And "[w]hen a party pursues an argument on appeal but does not analyze relevant legal authority, the party abandons that argument." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 414 (5th Cir. 2021).

[3] "A plaintiff may use either direct or circumstantial evidence to prove a case of intentional discrimination." *Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 328 (5th

No. 24-10849

could establish a *prima facie* case of discrimination under the framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case, a plaintiff must show that he

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam) (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).

Here, Narayanan cannot establish a *prima facie* case of discrimination. Principally, he cannot establish that he was treated less favorably than a similarly situated employee of a different race.[4] *See id.* Narayanan argues that the post-remand evidence shows that "[a]ll summer classes in 2018, including four sections of American Government and three other core courses Appellant was qualified to teach, were assigned to Caucasian professors who had not engaged in protected activity." But that evidence is insufficient to establish that he was treated less favorably than a similarly situated employee of a different race.

---

Cir. 1994) (citing *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714 n.3 (1983)). Direct evidence, in this context, is evidence which, if believed, proves the fact of intentional discrimination without inference or presumption. *Id.* at 328–29. Narayanan does not argue that there is any direct evidence of racial discrimination in the record. Thus, we evaluate only whether the record contains circumstantial evidence of discriminatory conduct.

[4] We assume without deciding that Narayanan could establish the first three elements for a *prima facie* case of discrimination. *McCoy*, 492 F.3d at 556. As to the fourth, Narayanan does not press that he was "replaced by someone outside his protected group," so we examine whether he could establish that he "was treated less favorably than other similarly situated employees outside the protected group." *Id.*

In determining whether employees are similarly situated, we assess if:

> the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions.

*Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (footnotes omitted). Narayanan has not established that any of the professors who were permitted to teach summer courses held the same job or responsibilities as him. Nor has he established that they have comparable violation histories or conduct. Critically, part of the reason MSU denied Narayanan's request to teach summer courses was because he did not teach a full course load in the preceding academic year. Narayanan failed to establish that the professors who were permitted to teach summer courses had similarly reduced course loads. Indeed, the district court concluded that "[n]o other professor in the political science department was assigned to teach summer 2018 classes that failed to carry a full course load the prior academic year."

Because Narayanan cannot provide a similarly situated comparator who was treated more favorably, he cannot establish a *prima facie* case of discrimination. *McCoy*, 492 F.3d at 556. Even if he could, the district court is correct that he did not rebut MSU's contention that the summer program did not require an international relations course. Thus, the district court did not err by dismissing his claim for discrimination under Title VII.

No. 24-10849

*B. Retaliation*

Narayanan contends that MSU retaliated against him based on protected activity and that its reasons for declining to assign him an online summer course were pretextual. We disagree.

Title VII precludes employers from retaliating against employees because they opposed, complained of, or sought remedies for unlawful workplace discrimination. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342, (2013) (citing 42 U.S.C. § 2000e–3(a)). When a litigant aims to prove retaliation though circumstantial evidence, we apply *McDonnell Douglas* and require him to establish a *prima facie* case of retaliation. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 1000 (5th Cir. 2022).

To establish a *prima facie* case of retaliation, an employee must show (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020).[5] At the *prima facie* stage, a plaintiff can demonstrate a causal link by showing close temporal proximity between the protected activity and the adverse employment action. *See id.* at 578.

Narayanan asserts that he was not permitted to teach summer classes in 2018 as retaliation for filing a lawsuit against the university in 2016. But the district court correctly ascertained that Narayanan provided no evidence of a causal link between his lawsuit and MSU's denial of his request to teach summer classes. Indeed, Narayanan does not argue causation on appeal—instead he opts to assert incorrectly that MSU has the burden to establish the nonexistence of causation because it moved for summary judgment.

---

[5] We assume, without deciding, that Narayanan could establish the first two elements for a *prima facie* case of retaliation. *Brown*, 969 F.3d at 577.

Narayanan comes close to making a causation argument in asserting that his "exclusion from summer teaching directly followed his prior protected activity and occurred within approximately twelve months of the resolution of his lawsuit."

But that temporal argument is doomed. We have repeatedly held that "a five month lapse is not close enough . . . to establish the causal connection element of a prima facie case of retaliation." *Newbury v. City of Windcrest*, 991 F.3d 672, 679 (5th Cir. 2021) (quoting *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305 (5th Cir. 2020)); *see Robinson v. Our Lady of the Lake Reg'l Med. Ctr., Inc.*, 535 F. App'x 348, 353 (5th Cir. 2013) (per curiam). Without additional support, the year between Narayanan's suit and MSU's denial of his request to teach a summer course is too great a lapse in time to establish causation by temporal proximity. *See Newbury*, 991 F.3d at 679.

In short, Narayanan provides no facts from which we may infer that he was denied the opportunity to teach a summer course because he filed a suit against MSU. Because Narayanan cannot establish a causal link between a protected activity and an adverse employment action, he cannot establish a *prima facie* case of retaliation. *See Brown*, 969 F.3d at 577. Because he fails to make a *prima facie* case, we need not reach his argument that MSU's rationale for denying his request to teach summer classes was pretextual. Thus, the district court did not err by dismissing Narayanan's claim for retaliation under Title VII. *Id.*

## C. Reconsideration

Narayanan further claims that the district court erred by not permitting supplemental briefing or argument on remand and by denying his Rule 59(e) motion to reconsider. Again, we disagree.

As to the former, Narayanan cites no authority suggesting that the district court was required to permit supplemental briefing and argument on

remand. The district court permissibly determined that the Title VII issues were fully briefed prior to remand and concluded that additional briefing was unnecessary. Narayanan's characterization of the district court's ruling as inappropriately *sua sponte* is meritless.

As to the latter, reconsideration of a judgment after its entry under Rule 59(e) is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The rule "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). A Rule 59(e) motion "should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003). Narayanan failed to meet these requirements.

Narayanan's "newly discovered" facts are that: (1) Caucasian professors were assigned to teach summer classes in 2018, and (2) in the spring of 2018, Dr. Garrison had discussions about adding an online summer course. Neither of these facts salvages Narayanan's Title VII claims. Thus, they would not change the outcome of this case, and the district court did not err by denying Narayanan's Rule 59(e) motion on the basis that this evidence would not make a difference.[6] *Id.*

---

[6] The district court also concluded that the facts proffered by Narayanan could have been discovered previously and that they were merely cumulative or impeaching.

No. 24-10849

## IV.

For these reasons, we AFFIRM the district court's judgment in full.